UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

TONY DOIRELLE LEWIS,

                     Plaintiff,                        Case No. 2:13-cv-327

v.                                          Honorable Robert Holmes Bell

DALE REISENER,

                     Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Hough, McLean, and Swift. The Court will serve the complaint against Reisener, Brown, Anderson, and Taylor with regard to Plaintiff's equal protection claims, and against Defendants Reisener, Brown, Anderson, Taylor, Dilday, and Bailey with regard to Plaintiff's retaliation claims.

**Discussion**

I.      Factual allegations

Plaintiff Tony Doirelle Lewis, a state prisoner currently confined at the West Shoreline Correctional Facility in Muskegon, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  In his complaint, Plaintiff names Dale Reisener, Unknown Bailey, Unknown Brown, L. Hough, Unknown McLean, T. Swift, Unknown Anderson, Unknown Dilday, and Unknown Taylor.  In his complaint, Plaintiff alleges that while he was confined at the Chippewa Correctional Facility (URF), he was subjected to sexual harassment, racial intimidation / discrimination, and a violation of his due process rights.

Plaintiff contends that Defendant Reisener, a Corrections Officer, has a reputation for playing the "slip game," which involves an exchange of homosexual jokes and innuendo designed to insult and emasculate inmates.  Plaintiff alleges that on his first day in C-Unit, Defendant Reisener responded to a question about where to turn in phone disbursements by stating, "Bend over and I'll show you."  Plaintiff told Defendant Reisener that he did not like to "play like that," which seemed to encourage Defendant Reisener even more.  Defendant Reisener then began to make sexually inappropriate comments to Plaintiff almost every time that he saw him, which made Plaintiff feel uncomfortable and ashamed.

Plaintiff spoke to Assistant Resident Unit Supervisor Haglee and asked for assistance with the situation, to no avail.  On December 8, 2011, Defendant Reisener intentionally rubbed Plaintiff's penis and made sexually explicit remarks during a routine pat down search.  When Plaintiff asked Defendant Reisener not to touch his penis anymore, Defendant Reisener stated, "Next time I'll put you in front of the camera and grab your nuts."  Plaintiff began to fear that Defendant

-2-

Reisener was actually a homosexual predator.  Later that day, Plaintiff filed a grievance on Defendant Reisener.  Defendant Reisener denied any misconduct and the grievance respondent lied and stated that Plaintiff had failed to present any supporting evidence, despite the fact that Plaintiff had requested two prisoner witnesses be interviewed.  Plaintiff subsequently received a misconduct for insolence for telling Defendant Reisener "you don't need to be touching my groin area."

On December 20, 2011, Plaintiff was moved to another unit, away from Defendant Reisener.  However, on Plaintiff's first day in the unit, Defendant Reisener came over and sat down next to Defendant Taylor, stating "That nigger Lewis is my bitch, so don't you be trying to fuck him." Defendant Taylor then stated to Plaintiff, "Nigger when I get back we are going to get to know one another."  Defendant Taylor also stated that Plaintiff was not going to like him very much. Plaintiff filed a grievance asserting that Defendant Reisener was stalking him.

On January 16, 2012, Defendant Reisener passed Plaintiff and stated, "I'm going to get you nigger."  Plaintiff states that Defendant Reisener was now calling him "nigger" on a regular basis.  Plaintiff filed a grievance, which was denied by Assistant Resident Unit Supervisor M. Cope:

> I interviewed [Resident Unit Officer] Rysner (sic) and he stated at no time did he ever make that statement to prisoner Lewis.  Lewis has a history of filling [sic] grievances accusing staff of racial statements. There has been no proof of prisoner Lewis being harassed by MDOC staff.

Plaintiff's grievance was denied at levels I, II and III.

On March 22, 2012, Plaintiff was transferred to the Newberry Correctional Facility (NCF).  Plaintiff assumed that he was being transferred so that he could get away from Defendant Reisener.  However, Plaintiff later discovered that he had been transferred as part of a routine trade for bed space.  After about six months, Plaintiff was returned to URF.  Plaintiff filed a grievance,

asserting that he was in danger of further harassment by Defendant Reisener.  Less than a month later, Plaintiff was moved back into the same unit where Defendant Reisener continued to work as a housing unit officer.  Plaintiff spoke to Defendant Brown about his difficulties with Defendant Riesener.  Defendant Brown responded by stating that Plaintiff's accusations were disrespectful toward staff and that she was not going to move him anywhere.  Defendant Brown told Plaintiff that he would have to "deal with it."

On January 9, 2013, Plaintiff filed a grievance asserting that he had been moved to Defendant Reisener's unit in retaliation for the December 13, 2012, grievance and that Defendant Brown had failed to take corrective action to protect Plaintiff from Defendant Reisener.  Defendant Bailey responded to Plaintiff's grievance noted that Defendant Reisener had denied Plaintiff's allegations and that Plaintiff had failed to offer any examples or evidence to support his claims. Plaintiff asserts that this was a lie because he had set forth numerous examples of Defendant Reisener's misconduct in support of his grievance.  Plaintiff kited Defendant Bailey and asked to be moved.  Defendant Bailey told Plaintiff that he did not have a right to pick the facility where he wished to reside and that Plaintiff would end up back in Level IV because of his accusations.

On January 10, 2013, Plaintiff filed a grievance on Defendant Bailey.  Defendant Swift denied the grievance, stating that there were no case notes indicating any past issues with Defendant Reisener.  On January 11, 2013, after Defendant Reisener learned that Plaintiff had complained to Defendant Brown, Defendant Reisener stated, "nigger you are going to pay." Plaintiff filed a grievance regarding Defendant Reisener's comment, as well as the fact that Defendants Brown and Bailey were unwilling to help Plaintiff.  Plaintiff's grievance was denied at all three steps. On January 28, 2013, Plaintiff asked Defendant Reisener to sign his pass so that the could go

-4-

to the Law Library.  Defendant Reisener stated, "bend over nigger."  Plaintiff filed a grievance reporting this incident.  When interviewed, Defendant Riesener stated that when Plaintiff asked him to sign his law library pass, he told Plaintiff to wait until he was done making his round.  Plaintiff's grievance was denied.

On May 30, 2013, Plaintiff asked Defendant Dilday for a pass to health care, but Defendant Reisener interrupted, stating, "would you rather see me?"  Plaintiff ignored Defendant Reisener and Defendant Dilday told Plaintiff to come back in thirty minutes.  When Plaintiff returned, Defendant Dilday laughed and told Plaintiff to get his pass from Defendant Reisener. Defendant Reisener asked Plaintiff, "who's your favorite officer?"  Plaintiff looked at Defendant Dilday, but Defendant Reisener instructed Defendant Dilday not to give Plaintiff a pass because Plaintiff would not talk to him.  Plaintiff filed a grievance, but Defendants Reisener and Dilday lied and said that when Plaintiff was told to come back in thirty minutes, he never returned.  Plaintiff claims that Defendants McLean and Hough hindered his attempts to grieve staff misconduct by ignoring his grievances, forcing Plaintiff to re-file grievances.

On June 13, 2013, Plaintiff was standing in his doorway when Defendant Anderson approached and pushed Plaintiff backwards, telling Plaintiff to "get the fuck out of my way you lying nigger."  Plaintiff filed a grievance, which was denied.  In responding to the grievance, Defendant Anderson denied any recollection of Plaintiff or of the assault.  Plaintiff later received a misconduct ticket for lying about staff and was found guilty.

On June 28, 2013, Defendant Reisener wrote Plaintiff a misconduct ticket for having an unmade bed and a book and earplugs on his TV shelf.  Plaintiff claims that the rule regarding an

unmade bed was not strictly enforced and that it was only enforced against Plaintiff because he was black and refused to engage in homosexual banter with Reisener.

Plaintiff claims that Defendants violated his rights under the First, Fifth, Eighth and Fourteenth Amendments.  Plaintiff seeks damages and injunctive relief.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiff claims that Defendant Reisener violated his Eighth Amendment rights by subjecting him to sexual harassment. "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted).

Circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. March 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995)

-8-

(allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim). Some courts have held that even minor, isolated incidents of sexual touching coupled with offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g., Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320-21 (6th Cir. 2012) (two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson v. Madery,* 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer

made a pass at him, squeezed his hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).

If true, Officer Reisener's conduct toward Plaintiff was reprehensible, but it does not rise to the level of an Eighth Amendment violation. Plaintiff alleges that Defendant Reisener made sexually inappropriate comments toward him, such as telling him to "bend over," threatening to "grab [Plaintiff's] nuts," and telling another officer that Plaintiff was his "bitch" in Plaintiff's presence. Plaintiff also alleges that on one occasion Defendant Reisener intentionally rubbed his penis and made sexually explicit remarks during a routine pat down search. As noted above, claims of isolated touching of a prisoner's buttocks and / or penis do not rise to the level of an Eighth Amendment violation, even when coupled with sexually suggestive comments. Therefore, Plaintiff's allegation fails to state an Eighth Amendment claim against Defendant Reisener.

Plaintiff claims that Defendants Taylor, Brown, and Bailey violated his Eighth Amendment rights by failing to protect him from being sexually harassed by Defendant Reisener. In order to establish liability for such a claim, Plaintiff must demonstrate that Defendants Taylor, Brown, and Bailey were deliberately indifferent "to a substantial risk of serious harm" to Plaintiff. *Farmer v. Brennan,* 511 U.S. at 828. To demonstrate deliberate indifference, an inmate must present evidence from which a trier of fact could conclude "that the official was subjectively aware of the risk" and "disregard [ed] that risk by failing to take reasonable measures to abate it." *Id.* at 829, 847. The only issue before this court is whether Plaintiff stated sufficient allegations to support a finding that the above Defendants were aware of a substantial risk of serious harm to Plaintiff. However, as noted above, Defendant Reisener's conduct, while worthy of condemnation, did not rise to the

-10-

level of an Eighth Amendment violation.  Therefore, the failure to protect Plaintiff from this conduct could not constitute a constitutional violation.

Plaintiff also claims that Defendants Reisener, Taylor, Brown, and Anderson called him "nigger" on numerous occasions.  An allegation that a prison official used racial slurs, although unprofessional and reprehensible, does not rise to constitutional dimensions.  *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (per curiam); *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (prison guard's use of racial slurs and other derogatory language against state prisoner did not rise to level of a violation of the Eighth Amendment) (citing *Torres v. County of Oakland*, 758 F.2d 147, 152 (6th Cir.1985)); *Williams v. Gobles*, No. 99-1701, 2000 WL 571936, at *1 (6th Cir. May 1, 2000) (occasional or sporadic use of racial slurs does not rise to a level of constitutional magnitude; *Bell-Bey v. Mayer*, No. 98-1425, 1999 WL 1021859, at *1 (6th Cir. Nov. 3, 1999) (same); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment.").  Therefore, Plaintiff's Eighth Amendment claims regarding the use of racial slurs lack merit.

However, the Sixth Circuit has held that a pattern of racial harassment involving racial slurs may violate the Equal Protection Clause.  *Knop v. Johnson*, 977 F.2d 996, 1013-14 (6th Cir. 1992), cert. denied, 507 U.S. 973 (1993).  Plaintiff claims that Defendants Reisener, Taylor, Brown, and Anderson subjected him to such racial harassment.  Therefore, Plaintiff's equal

protection claims against Defendants Reisener, Taylor, Brown, and Anderson may not be dismissed on initial review.

Plaintiff claims that Defendant Anderson violated his Eighth Amendment rights when he pushed Plaintiff backwards, telling Plaintiff to "get the fuck out of my way you lying nigger." Only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave for an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). As noted by the Supreme Court, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id.* at 9. Therefore, "[f]ederal courts have routinely held that a single push, shove, punch, or blow by a prison guard does not rise to the level of a constitutional violation. The same holds true even when the push or shove appears to be unnecessary." *Stanley v. Smith,* 2008 WL 4534434, at *6 (W.D. Mich., Sept. 29, 2008) (citing *Hampton v. Alexander,* No. 95–3457, 1996 WL 40237 (6th Cir. Jan.31, 1996)). Plaintiff's claim that Defendant Anderson pushed him backward one time is clearly the type of *de minimis* use of force which *Hudson* makes clear does not rise to the level of a constitutional violation. *See De Walt v. Carter,* 224 F.3d 607, 620 (7th Cir.2000); *Boddie v. Schnieder,* 105 F.3d 857, 862 (2d Cir.1997); *Show v. Patterson,* 955 F.Supp. 182, 193 (S.D.N.Y.1997). Therefore, Plaintiff's excessive force claim against Defendant Anderson is properly dismissed.

Plaintiff alleges that Defendants Dilday, Bailey, Swift, McLean, and Hough interfered with his ability to seek redress through the prison grievance system by lying in response to his grievances or by ignoring his grievances altogether. Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of*

-12-

*Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  Michigan law does not create a liberty interest in the grievance procedure.  *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).  Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

Finally, Plaintiff claims that Defendants Reisener, Taylor, Brown, Bailey, Dilday, and Anderson retaliated against him for his use of the grievance procedure.  The court concludes that Plaintiff's retaliation claims are non-frivolous and may not be dismissed on initial screening.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's due process and Eighth Amendment claims against all Defendants will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Therefore, Defendants Hough, McLean, and Swift are dismissed from this action.

The Court will serve the complaint against Defendants Reisener, Brown, Anderson, and Taylor with regard to his equal protection claims, and against Defendants Reisener, Brown, Anderson, Taylor, Dilday, and Bailey with regard to his retaliation claims.

An Order consistent with this Opinion will be entered.

Dated: September 3, 2014                          /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE