UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TONY LEWIS,

        Plaintiff,                       Case No. 2:13-cv-327

v.                                        HON. ROBERT HOLMES BELL

DALE REISENER,

        Defendants.
_____/

### REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Tony Lewis pursuant to 42 U.S.C. § 1983. Plaintiff claims that while housed at the Chippewa Correctional Facility defendants Reisener, Brown, Anderson, and Taylor engaged in a pattern of racial discrimination in violation of plaintiff's equal protection rights. Plaintiff alleges that defendants Reisener, Brown, Anderson, Taylor, Dilday and Bailey retaliated against him for filing grievances. Defendants Reisener, Dilday and Bailey move for summary judgment based upon plaintiff's failure to exhaust his grievance remedies.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail

as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE,

2

ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The

3

Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Defendants Reisener and Dilday argue that plaintiff failed to submit a grievance asserting claims of retaliation. Defendants Reisener and Dilday argue that plaintiff's retaliation claims should be dismissed against them. Defendants Reisener and Dilday concede that plaintiff's

4

harassment and equal protection claims were properly grieved against him. Defendant Bailey moves for summary judgment asserting that plaintiff never named him in a grievance.

It is initially noted that the defendants' argument is somewhat confusing, which may have something to do with the volume of grievances attached to the brief. It does appear that plaintiff exhausted his claims. As defendant Reisener indicated "the prisoner is older and grieves everything and everyone." *See* docket #40-3 at page 3 of 5. In URF 1201 0234 17e, plaintiff asserted that defendant Reisener retaliated against him. It appears that plaintiff exhausted this grievance. In URF 1301 0197 17e, plaintiff grieved another retaliation claim against defendant Reisener and also named defendant Bailey. In URF 1301 0398 17a, plaintiff grieved another retaliation claim against defendant Reisener. In URF 1306 1733 17a, plaintiff grieved retaliation claims against defendant Reisener and defendant Bailey. These are just a few examples of the numerous pages of grievance exhibits that have been filed by the parties in this case. Defendants have merely submitted an attachment of grievances to their brief and generally argue that plaintiff did not exhaust his specific claims.[1] Unfortunately for defendants, it appears that plaintiff did exhaust his claims on more than one occasion against most of the defendants. Moreover, plaintiff has asserted that his attempts to grieve some claims were frustrated by the failure to respond to grievances. However, it does appear based upon plaintiff's admission that plaintiff failed to properly grieve defendant Dilday in a grievance that was completed prior to the filing of the complaint. *See*

---

[1] Most of the grievances attached to defendants' brief are not relevant to this case. In the future it would be helpful to the court if defense counsel could separate each grievance by grievance number and individually label each grievance attachment to the brief with specific references in the argument of the brief, instead of simply submitting every grievance the plaintiff submitted at a particular prison in a random manner in one exhibit. The court has to look at each exhibit individually, especially because it appears that the court looks at grievances and the asserted claims in a manner that is much different than defense counsel.

docket #38, attachment A, page 16 of 43. In the opinion of the undersigned, defendants Reisener and Bailey failed in their burden of showing that plaintiff did not exhaust his grievance remedies.

For the foregoing reasons, I recommend that Defendants' motions for summary judgment (Docket #18 and #24) be granted in part dismissing only defendant Dilday without prejudice and denied as to defendants Reisener and Bailey.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 31, 2015

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).