UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TONY LEWIS,

        Plaintiff,                              Case No. 2:13-cv-327

v.                                                HON. ROBERT HOLMES BELL

DALE REISENER, et al.,

        Defendants.
_____/

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 31, 2015, Magistrate Judge Timothy P. Greeley issued a Report & Recommendation ("R&R") (ECF No. 46) recommending that Defendants' motions for summary judgment (ECF Nos. 18, 24) be granted in part and denied in part. Defendants have not filed an objection to the R&R, and the time for doing so has expired. The matter is before the Court on Plaintiff's objections to the R&R. (ECF No. 48.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

The Magistrate Judge found that Plaintiff failed to exhaust his grievance remedies against Defendant Dilday, "based upon plaintiff's admission that plaintiff failed to properly grieve defendant Dilday in a grievance that was completed prior to the filing of the complaint." (ECF No. 46, PageID #474.) In Plaintiff's objections, Plaintiff again admits that his grievance against Dilday "wasn't exhausted when Plaintiff filed his 1983 civil complaint." (ECF No. 48, PageID #477.) Plaintiff, however, argues that he did not receive the Step III response until 27 days after the filing deadline. Plaintiff cites to *Boyd v. Corrections Corp. of America*, 380 F.3d 989 (6th Cir. 2004) as support for the assertion that "[s]everal circuits have expressly held that the exhaustion requirement is satisfied when prison officials fail to timely respond to an inmates written grievance." (ECF No. 48, PageID #477.)

Plaintiff's argument is unavailing. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). In *Boyd*, the Court held that a Tennessee inmate exhausted his administrative remedies when he submitted a grievance form and received no response. *Id.* at 996. Unlike the Tennessee grievance system, where the plaintiff "was required to wait for a grievance officer to make a decision regarding his formal grievance before he could appeal to the warden," *id.*, in Michigan, the appeal process does not require a response at the prior step before filing a grievance. *See Crump v. Darling*, No. 1:06-cv-20, 2007 WL 851750, at *5 (WD. Mich. Mar. 21, 2007).

Paragraph FF of the Michigan Department of Corrections Policy Directive 03.02.130 (effective July 9, 2007), provides:

A grievant may file a Step III grievance if s/he is dissatisfied with the Step II

2

> response or does not receive a timely response. To file a Step III grievance, the grievant must send a completed Step III grievance, using the Prisoner/Parolee Grievance Appeal form (CSJ-247B), to the Grievance and Appeals section within ten business days after receiving the Step II response or, if no response was received, within ten business days after the date the response was due, including any extensions.

Because Plaintiff was not foreclosed from proceeding to Step III of the grievance process and exhausting his available administrative remedies, Plaintiff's argument has no merit. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's August 31, 2015, R&R (ECF No. 46) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants Dilday and Reisener's motion for summary judgment (ECF No. 18) is **GRANTED IN PART** and Defendant Dilday is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant Bailey's motion for summary judgment (ECF No. 24) is **DENIED.**

.

Dated: September 18, 2015              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       UNITED STATES DISTRICT JUDGE