UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TONY LEWIS,

    Plaintiff,

v.                                                             Case No. 2:13-cv-327
                                                            HON. ROBERT HOLMES BELL

DALE REISNER et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

        Plaintiff Tony Lewis filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several defendants. The remaining Defendants, Defendants Reisener, Dilday, and Bailey move for summary judgment. ECF No. 90. Plaintiff filed a response. ECF No. 96. Plaintiff has asserted an equal protection claim against Defendant Reisener and retaliation claims against Defendant Reisener, Dilday, and Bailey.

        Plaintiff alleges that Defendant Reisener began harassing him as soon as Plaintiff was first incarcerated at the Chippewa Correctional Facility. Defendant Reisener allegedly made homosexual jokes and while searching Plaintiff on December 8, 2011, allegedly touched Plaintiff's penis while making sexual remarks. On December 20, 2011, Plaintiff was moved to another unit, away from Defendant Reisener. However, on Plaintiff's first day in the unit, Defendant Reisener came over and sat down next to Defendant Taylor, stating "That nigger Lewis is <u>my</u> bitch, so don't you be trying to fuck him." On January 16, 2012, Defendant Reisener passed Plaintiff and stated, "I'm going to get you nigger." Plaintiff states that Defendant Reisener was now calling him

"nigger" on a regular basis.  Plaintiff filed a grievance, which was denied by Assistant Resident Unit Supervisor M. Cope:

> I interviewed [Resident Unit Officer] Rysner (sic) and he stated at no time did he ever make that statement to prisoner Lewis.  Lewis has a history of filling [sic] grievances accusing staff of racial statements.  There has been no proof of prisoner Lewis being harassed by MDOC staff.

Plaintiff's grievance was denied at levels I, II and III.

On March 22, 2012, Plaintiff was transferred to the Newberry Correctional Facility (NCF).  Plaintiff assumed that he was being transferred so that he could get away from Defendant Reisener.  However, Plaintiff later discovered that he had been transferred as part of a routine trade for bed space.  After about six months, Plaintiff was returned to URF.  Plaintiff filed a grievance, asserting that he was in danger of further harassment by Defendant Reisener.  Less than a month later, Plaintiff was moved back into the same unit where Defendant Reisener continued to work as a housing unit officer.  On January 9, 2013, Plaintiff filed a grievance asserting that he had been moved to Defendant Reisener's unit in retaliation for the December 13, 2012, grievance.  Plaintiff kited Defendant Bailey and asked to be moved.  Defendant Bailey told Plaintiff that he did not have a right to pick the facility where he wished to reside and that Plaintiff would end up back in Level IV because of his accusations.

On January 10, 2013, Plaintiff filed a grievance on Defendant Bailey.  On January 11, 2013, after Defendant Reisener learned that Plaintiff had complained to Defendant Brown, Defendant Reisener stated, "nigger you are going to pay."  Plaintiff filed a grievance regarding Defendant Reisener's comment.  On January 28, 2013, Plaintiff asked Defendant Reisener to sign his pass so that he could go to the Law Library.  Defendant Reisener stated, "bend over nigger." Plaintiff filed a grievance reporting this incident.  When interviewed, Defendant Riesener stated

2

that when Plaintiff asked him to sign his law library pass, he told Plaintiff to wait until he was done making his round. Plaintiff's grievance was denied.

On May 30, 2013, Plaintiff asked Defendant Dilday for a pass to health care, but Defendant Reisener interrupted, stating, "would you rather see me?" Plaintiff ignored Defendant Reisener and Defendant Dilday told Plaintiff to come back in thirty minutes. When Plaintiff returned, Defendant Dilday laughed and told Plaintiff to get his pass from Defendant Reisener. Defendant Reisener asked Plaintiff, "who's your favorite officer?" Plaintiff looked at Defendant Dilday, but Defendant Reisener instructed Defendant Dilday not to give Plaintiff a pass because Plaintiff would not talk to him. Plaintiff filed a grievance, but Defendants Reisener and Dilday lied and said that when Plaintiff was told to come back in thirty minutes, he never returned.

On June 28, 2013, Defendant Reisener wrote Plaintiff a misconduct ticket for having an unmade bed and a book and earplugs on his TV shelf. Plaintiff claims that the rule regarding an unmade bed was not strictly enforced and that it was only enforced against Plaintiff because he was black and refused to engage in homosexual banter with Reisener.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence

3

must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants Reisener, Dilday, and Bailey argue that Plaintiff cannot establish a retaliation claim against them. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendants concede that Plaintiff's past grievance submissions were protected conduct. Defendants argue that Plaintiff has failed to show that adverse action was taken against

4

him.  Plaintiff alleged that Defendant Dilday failed to stop Defendant Reisner from harassing Plaintiff and on one occasion refused to provide Plaintiff a health care pass telling Plaintiff to ask Defendant Reisener.  Plaintiff alleges that Defendant Bailey threatened to move Plaintiff to a level 4 prison and refused Plaintiff's request to move to a different a unit.  Plaintiff asserted that Defendant Reisener harassed him.  Defendants argue that Plaintiff has failed to show that even if Plaintiff suffered adverse conduct by the alleged actions, those action were not based upon Plaintiff's past grievance submissions.

Plaintiff explained that Defendant Dilday refused to give him a pass to go to health care and just referred him to Defendant Reisner.  Plaintiff stated at his deposition:

> Plaintiff: Dilday, he joined in the harassment.
>
> Defense counsel:  And let's get specific, then.  What kind of harassment did he engage in?
>
> Plaintiff: Well, the statement that he made, I think it was in regards to - - I was trying to get a medical kite, and he just refused to intervene and stop Reisener from harassing me.
>
> Defense counsel:  Let's break that down.
>
> Plaintiff:   He joined in.
>
> Defense Counsel:  You're not saying that Dilday did anything affirmatively to you.  He just didn't stop harassment by another officer?
>
> Plaintiff:  Well, his actions I believe are retaliatory, you know, because I grieved his co-workers,  you know.  So he joined in and was just like instigating the situation.

ECF No. 93-2, PageID.687.

In the opinion the undersigned, Plaintiff cannot support his claim that Defendant Dilday retaliated against him for filing grievances.  Plaintiff has simply asserted that Defendant

5

Dilday joined the harassment. The only allegation that Plaintiff asserts against Defendant Dilday is that Defendant Dilday refused to give Plaintiff a pass to go to health care on one occasion and instead told Plaintiff to see Defendant Reisener to get a pass. Plaintiff's conclusory allegation against Defendant Dilday fails to support his claim that an adverse action was taken against him by Defendant Dilday, or that Defendant Dilday refused to give Plaintiff a heath care pass because Plaintiff had filed grievances in the past against Defendant Dilday's co-workers.

Plaintiff claims that Defendant Bailey refused to move him to another unit. Plaintiff stated: "I asked them to move, and he said I didn't have a right to go where I want to go. I said, 'I want to get away from this guy. Move me to another unit.'" ECF No. 93-2, PageID.690. In the opinion of the undersigned, Plaintiff has failed to support his claim of retaliation against Defendant Bailey. Plaintiff's has presented absolutely nothing which even suggests that Defendant Bailey's statement that Plaintiff can't go where he wants to go was adverse conduct or made because Plaintiff filed past grievances against his co-workers. Similarly, Plaintiff has failed to show that Defendant Bailey's alleged threat to move Plaintiff to a level 4 facility was adverse conduct or in any way retaliatory.

Plaintiff's remaining claims are against Defendant Reisener for retaliation, and for violating Plaintiff's equal protection rights by engaging in a pattern of racial discrimination. Plaintiff explained that;

> Like I say, it started the first day I was there when I came to prison. I asked him where do I turn in a phone disbursement. He told me to bend over and he'll show me, and after that he kept making these homosexual comments. And I talked to him personally, told him I appreciate if he didn't do it, and he kept on. I talked to the ARUS and then the ARUS - - I told him to talk to him, because the inmates told me - - when I first got there the inmates told me that if you write a grievance - - you can write a grievance. I didn't know what the

>grievance was. And they said, "But if you do, they retaliate." So it wouldn't good - - it wouldn't be good. So I told Hagley and after that, he just kept on, just kept on. And then he started using racial statements toward me and he just kept on. And then finally he searched me, touch my private part, and I thought that I was - - actually the first time, so I didn't do anything about it. But then, I think, maybe the day later he did it again. He stopped me on the way from breakfast and he did it again, and then that's when I told him. I said, "I appreciate if you don't go below my belt. And then he lied and said I told him don't be grabbing my groin areas or something, but I didn't say that. And then he said, "Next time I'll put you in front of the camera and grab your balls." And his co-worker was there, and he just laughed like it was a joke, you know.

ECF No. 93-2, PageID.693.

As explained previously by the Court, allegations that an officer used racial slurs, although unprofessional and reprehensible, cannot rise to constitutional concerns. Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir. 1987) (per curiam); *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (prison guard's use of racial slurs and other derogatory language against state prisoner did not rise to level of a violation of the Eighth Amendment) (citing *Torres v. County of Oakland*, 758 F.2d 147, 152 (6th Cir.1985)); *Williams v. Gobles*, No. 99-1701, 2000 WL 571936, at *1 (6th Cir. May 1, 2000) (occasional or sporadic use of racial slurs does not rise to a level of constitutional magnitude; *Bell-Bey v. Mayer*, No. 98-1425, 1999 WL 1021859, at *1 (6th Cir. Nov. 3, 1999) (same); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). The Court explained, that although isolated instances of racial slurs cannot violate a prisoner's constitutional rights, a pattern of racial harassment involving racial slurs may

7

violate the Equal Protection Clause. *Knop v. Johnson*, 977 F.2d 996, 1013-14 (6th Cir. 1992), cert. denied, 507 U.S. 973 (1993). In the opinion of the undersigned Petitioner has failed to present evidence showing that Defendant Reisener engaged in a pattern of racial harassment that could violate Plaintiff's constitutional rights.

Plaintiff has asserted that Defendant Reisener stated "bend over and he'll show me" when Plaintiff asked where to turn in a phone disbursement. Plaintiff alleges that on November 8, 2011, Defendant Reisener made sexually explicit comments while conducting a pat-down search where he rubbed Plaintiff's penis. Plaintiff alleges that after this incident Defendant Reisener rubbed Plaintiff's leg while Plaintiff was sleeping. Plaintiff's claims of sexual harassment have been dismissed by this Court. ECF No. 9.

Plaintiff alleges that on December 20, 2011, Defendant Reisener referred to Plaintiff as a "nigger." Less than one month later, Defendant Reisener called Plaintiff a "nigger" when passing him in the hall. Affidavit, ECF No. 96-1, PageID.752. Over two years later, Plaintiff asserts that on January 10, 2013, January 11, 2013, and January 28, 2013, Defendant Reisener again called him a "nigger." *Id*. At best, Plaintiff's allegations show that Defendant Reisener is unpleasant and unprofessional. In the opinion of the undersigned, Plaintiff has failed to show that Defendant Reisener engaged in a pattern of racial harassment that could establish that Plaintiff's equal protection rights were violated.

Finally, as to Plaintiff's assertion that Defendant Reisener retaliated against him, it is the opinion of the undersigned, that Plaintiff's claims of harassment fail to show that adverse conduct was taken against Plaintiff. Moreover, although Plaintiff's allegations, if true, show that Defendant Reisener is unpleasant and unprofessional, Plaintiff has failed to show that Defendant

8

Reisener's actions involving sexual harassment or racial slurs were in retaliation for Plaintiff's grievance filings.

Defendant Reisener has failed to address Plaintiffs' claims that Defendant Reisener issued Plaintiff false misconduct tickets on December 8, 2011, and June 28, 2013. It is recommended that Plaintiff's claims that Defendant Reisener issued false misconduct tickets in retaliation for Plaintiff's grievance filings remain in this case.

In summary, it is recommended that Defendant's motion for summary judgment be granted in part and denied in part as follows: Defendants Dilday and Bailey should be dismissed from this action and all claims against Defendant Reisener, except for Plaintiff's retaliation claims for filing false misconduct tickets, should be dismissed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: September 20, 2016

      */s/ Timothy P. Greeley*
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE