UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TONY LEWIS,

        Plaintiff,

Case No. 2:13-cv-327

v.

HON. ROBERT HOLMES BELL

DALE REISENER, et al.,

        Defendants.

_____/

**OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On September 20, 2016, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendant's motion for summary judgment (ECF No. 90) be granted in part and denied in part. (ECF No. 103.) The matter is before the Court on Plaintiff's objections to the R&R. (ECF No. 104.)

      This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must

be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff made four objections to the R&R. First, Plaintiff argues that the Court has not ruled on his motion for reconsideration of a request to compel discovery. Next, Plaintiff objects to the Magistrate Judge's conclusion that Defendant Reisener did not engage in a pattern of racial harassment, and that Plaintiff failed to show Defendant Reisener's actions involving sexual harassment and racial slurs were in retaliation for Plaintiff's grievance filings. Third, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to support his claim of retaliation against Defendant Dilday. Finally, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to support his retaliation claim against Defendant Bailey.

## I.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries the burden of showing that there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324-25. The non-moving party cannot rest on its pleadings, but

must present "'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The Court must review the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by Plaintiff in response to a summary-judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). But a mere scintilla of evidence in support of Plaintiff's position is insufficient to survive a motion for summary judgment. *Anderson*, 477 U.S. at 251-52. The Court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

## II.

### A. Discovery Objection

Plaintiff first objects to the R&R's recommendation to partially grant summary judgment because his motion for reconsideration of a request to compel discovery is still pending. But the Magistrate Judge denied Plaintiff's motion for reconsideration on September 19, 2016. (ECF No. 102.) Plaintiff argues that, if a party seeks to avoid discovery, the Court should not grant its motion for summary judgment. Yet Plaintiff has not shown that Defendants avoided discovery; therefore, his conclusory statement is not sufficient to overcome Defendants' motion for summary judgment.

**B. Equal Protection**

Allegations that an officer used racial slurs, although unprofessional and reprehensible, do not amount to a constitutional violation. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (per curiam); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.") (citing *Ivey*, 832 F.2d at 954-55). But a pattern of racial harassment involving racial slurs may violate the Equal Protection Clause. *Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992) (citing *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988)).

Plaintiff alleges that Defendant Reisener referred to him as a "nigger" on 5 occasions between 2011 and 2013. This is unprofessional and deplorable conduct; however, it is not enough to overcome a motion for summary judgment. Five instances over a 3-year period does not amount to a pattern of racial harassment. Rather, it demonstrates sporadic use of racial slurs, which is not a constitutional violation. *Williams v. Gobles*, No. 99-1701, 2000 WL 571936, at *1 (6th Cir. May 1, 2000) (citing *Torres v. Cnty. of Oakland*, 758 F.2d 147, 152 (6th Cir. 1985)) (occasional or sporadic use of racial slurs does not rise to a level of constitutional magnitude); *see also Bell-Bey v. Mayer*, No. 98-1425, 1999 WL 1021859, at *1 (6th Cir. Nov. 3, 1999). Thus, Defendant Reisener's motion for summary judgment as to the equal-protection claim is granted.

**C. Retaliation**

Retaliation for a prisoner's exercise of his constitutional rights violates the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, Plaintiff must establish that: (1) he engaged in protected conduct; (2) Defendants took an adverse action against him that would deter a person of ordinary firmness from engaging in that protected conduct; and (3) that the adverse action was motivated, at least in part, by the protected conduct. *Id.*

Plaintiff raised retaliation claims against Defendants Dilday, Bailey, and Reisener. Defendants filed a motion for summary judgment. Although Defendants concede that Plaintiff's prior grievances were protected conduct, they argue that Plaintiff cannot show that Defendants took adverse action against Plaintiff or that their actions were motivated by Plaintiff's grievance filing. The Magistrate Judge found that Plaintiff failed to support his retaliation claims against Defendants Dilday and Bailey, and failed to support most of his retaliation claims against Defendant Reisener.

**1. Defendant Dilday**

Plaintiff has simply asserted that Defendant Dilday joined in with Defendant Reisener to harass Plaintiff. This conclusory allegation is not enough to overcome the motion for summary judgment. In the complaint, Plaintiff alleges that Defendant Dilday conspired with Defendant Reisener to harass and intimidate Plaintiff, and denied him medical care. (ECF No. 1-3, PageID.17.) He asserts that Defendant Dilday's comments

5

and actions were meant to degrade and intimidate him. (*Id.*) During his deposition, he stated:

> Plaintiff: Dilday, he joined in the harassment.
>
> Defense counsel: And let's get specific, then. What kind of harassment did he engage in?
>
> Plaintiff: Well, the statement that he made, I think it was in regards to -- I was trying to get a medical kite, and he just refused to intervene and stop Reisener from harassing me.
>
> Defense counsel: Let's break that down.
>
> Plaintiff: He joined in.
>
> Defense Counsel: You're not saying that Dilday did anything affirmatively to you. He just didn't stop harassment by another officer?
>
> Plaintiff: Well, his actions I believe are retaliatory, you know, because I grieved his co-workers, you know. So he joined in and was just list instigating the situation.

(ECF No. 93-2, PageID.687.) Plaintiff has not presented anything to support his belief that Defendant Dilday took adverse action against Plaintiff. Similarly, Plaintiff has not shown that Defendant Dilday's actions were motivated by his grievance filings. Therefore, Defendant Dilday's motion for summary judgment is granted.

### 2. Defendant Bailey

Plaintiff argues that Defendant Bailey refused to move him to another unit in retaliation for filing grievances. But again, Plaintiff has failed to support this claim. In his deposition, Plaintiff responded:

> Defense Counsel: Defendant Bailey, what are -- what's the substance of the allegations you have against Mr. Bailey?

6

> Plaintiff: I -- when they -- I think when they rode me back there, I asked them to move, and he said I didn't have a right to go where I want [sic] to go.  I said, "I just want to get away from this guy.  Move me to another unit."
>
> Defense Counsel: Okay.
>
> Plaintiff: And he refused.  He said that -- I'm not sure the exact wording of it.  I'm not -- but it was something like I shouldn't have came [sic] to prison, and if you -- something about he end up sending me back to where I came from[.]

(*Id.* at PageID.690.)  Plaintiff further explained:

> Defense Counsel: Okay.  So I'm looking at a grievance that you wrote.  It's list -- number five on your list, and basically the issues that you say were raised was "RUM Bailey ignored Plaintiff's concerns about Reisener and his request to move."  So the substance of your allegation about Bailey is that he should have moved you out of that unit?
>
> Plaintiff: Yeah, he shouldn't have used threats to -- you know, against me.
>
> Defense Counsel: He didn't -- I'm sorry.  Say that again?
>
> Plaintiff: He shouldn't have used the threats about, you know, sending me back to level 4.

(*Id.* at PageID.690-91.)  Plaintiff has not presented anything to suggest that Defendant Bailey took adverse action against Plaintiff or that his actions were motivated by Plaintiff's grievance filings.   Thus, Defendant Bailey's motion for summary judgment is also granted.

### 3. Defendant Reisener

Plaintiff alleges several claims of retaliation against Defendant Reisener, which include sexual harassment, racial slurs, and issuing false misconduct tickets.  Plaintiff has not shown that Defendant Reisener's harassment amounts to an adverse action as to the

claims of sexual harassment and racial slurs. Moreover, Plaintiff has not shown that Defendant Reisener acted this way to retaliate against Plaintiff for his grievance filings. Therefore, Defendant Reisener's motion for summary judgment is granted as to all of Plaintiff's retaliation claims except for the claim alleging that Defendant Reisener filed false misconduct tickets.

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation.

An order will enter in accordance with this opinion.


Dated: <u>November 30, 2016</u>                              /s/ Robert Holmes Bell
                 ROBERT HOLMES BELL
                 UNITED STATES DISTRICT JUDGE